Eollett, J.
In this report we shall examine but one question; was it necessary that Davis should have filed his claim for damages with the clerk of the city of Warren, and that he should have so alleged in his petition ? It is claimed that this is required by section 2326 of Revised Statutes, which is as follows :
“No person who claims ■ damages, arising from any cause, shall commence a suit therefor against the corporation until he files a claim for the same with the clerk of the corporation, and sixty days elapse thereafter, to enable the corporation to take such steps 'as it may deem proper to settle or adjust the claim; but this provision shall not apply to an application for an injunction, or other *449 proceeding to which it may he necessary for such applicant to resort in case of urgent necessity.”
The original section before revision was as follows (66 Ohio L. 247, § 575):
“No claimant for damages shall commence any suit until he shall have filed a claim therefor with the clerk of the corporation, and sixty days shall have elapsed thereafter, to enable such corporation to appoint assessors to assess such damages, return the same to the proper officers, and sufficient further time shall have elapsed, not exceeding twenty days after the return of such appraisal, to enable the corporation to pay the assessment.”
This section is a small part of the statutes that provide how cities may make or improve public buildings, public places, and public streets, alleys, and highways; and that provide how damages for the same may be claimed, allowed, and adjusted; and that provide how such cities may obtain funds to pay for the same.
No one claims that the original section applied to damages for personal injuries, as in this ease. It was limited to damages for such improvements as therein are provided for. Has the section as revised any more extended application ?
The statute providing for that revision (72 Ohio L. 87), gave the commissioners power only “ to revise and consolidate the general statute laws of the state, which may be in force at the time such commissioners shall make their report.”
Had this language been less guarded, the settled law of this state is expressed in The State ex rel. v. Commissioners of Shelby County, 36 Ohio St. 326, where this court held: “ Where an act of the legislature, or several acts in pari materia, have undergone revision, the same construction will prevail as before revision, unless the language of the new act plainly requires a change of construction, to conform to the manifest intent of the legislature.” And it was said, “neither an alteration in phraseology nor the *450 omission or addition of words in the latter statute necessarily requires a change of construction.” “ The intent to give to the new act a different effect from the old, should be clearly manifested.” See also Bish. Wr. L., § 98; Ash v. Ash, 9 Ohio St. 387; Van Camp v. Board of Education, 9 Ohio St. 418; Conger v. Barker, 11 Ohio St. 1, 13.
Does the language of the revised section show any such legislative intent, and plainly require a change in the application of the word damages, so as to extend it from the damages resulting from the several improvements in that statute provided for, to damages resulting from any and all other matters connected with municipal government ?
The original section is, “ no claimant for damages shall commence any suit,” etc.; and the revised section is, “ no person who claims damages, arising from any cause, shall commence a suit therefor against the corporation,” etc.
It seems clear that the words “ claimant for ” and the words “ person who claims,” may designate only the same plaintiff. And it seems equally clear that the original section implies the same defendant as is expressed in the revision by the words “ therefor against the corporation.” In the revision these added words express the sense a little more fully.
It must bo admitted that the words any suit ” in the original section, though unlimited in form, are limited by the subject-matter to a suit for damages arising from such subject-matter.
So the word “ damages,” in the original section, would be general if not limited by the subject-matter. Thoi’e may be many causes of damages arising therefrom ; and it seems equally clear that the words “damages, arising from any cause,” as used in the revision, are limited by the same subject-matter to causes of damages arising from the improvements and repairs provided for by the statute of which that section is a part. No other matters of damage are mentioned. The revised section does not show a manifest legislative intent that plainly requires a changed *451 or extended meaning of the word “damages,” as used in the original section. Section 2326 does not require this claim for damages to be presented and filed with the clerk of the corporation, and the amended petition need not show that the claim had been so filed. The court did not err in overruling the demurrer to the amended petition.
We have examined all the assigned errors, and find no error.

The judgment of the court below is affirmed.